IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MARY M. BRUNTLETT, | : |
| | : |
| Plaintiff, | : |
| | :   1:02-CV-104-4 (WLS) |
| v. | : |
| | : |
| PHOEBE PUTNEY MEMORIAL HOSPITAL, | : |
| INC and JOHN R. ANDREWS, M.D., | : |
| | : |
| Defendants. | : |

**ORDER**

Presently pending before the Court is Plaintiff's Motion for Reconsideration. (Doc. No. 156). Plaintiff moves for reconsideration of this Court's order of March 31, 2005 granting summary judgment to Defendants and against Plaintiff. (*See* Doc. No. 154). The Order clearly and adequately stated its rationale for granting the motion. *Id.*

Upon full review of Plaintiff's Memorandum of Law in Support of Motion for Reconsideration, the Court finds that the Plaintiff essentially disagrees with the Court's finding as set out in its Order. (Doc. No. 156). The Court will only grant a motion for reconsideration when the movant demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

Plaintiff neither asserts an intervening change in the law nor the discovery of new and previously unavailable evidence as the basis for her motion. Therefore Plaintiff's motion is reviewed with respect to the third possible ground, a clear error of law. Upon review, the Court also finds that Plaintiff has not met that standard.

Assuming an operative date of November 1, 2001 for Plaintiff's complaint against the respective Defendants, the statute of repose would allow Plaintiff to pursue only those negligent acts allegedly committed by Defendants that occurred on or after November 1, 1996. At the latest, Plaintiff knew or had

1

reason to know that she was mis-diagnosed in September 1996 when she underwent surgery to have the cancerous mass removed from her right breast.  Plaintiff cannot separate Defendant Phoebe Putney's mis-diagnosis from the fact that Plaintiff was symptomatic and able to detect the cancerous mass herself in March, 1996 and was eventually diagnosed with cancer on September 18, 1996.  Although Plaintiff states that the mis-diagnosis could only have been detected through receipt of her medical records in 1999, Plaintiff was mis-diagnosed by Defendant Carter who diagnosed the cancerous mass as fibrocystic disease on March 14, 1996.  When Plaintiff was diagnosed with cancer on September 18, 1996, Plaintiff was presented in effect with a confirmed mis-diagnosis that she did not in fact have fibrocystic disease.  The timely filing of a lawsuit and subsequent discovery would have uncovered the extent and particulars of the mis-diagnosis and the parties involved.

The fact that Plaintiff remained symptomatic placed all of Plaintiff's related previous treatments and diagnoses in question.  Plaintiff attempts to state that, although symptomatic, she could not have reasonably disbelieved the 1995 sonogram until receipt of her medical records in November 1999.  However, that does not reflect the facts in the record.  The referenced medical records were not necessary, in that particularly instance, to confirm that Plaintiff was diagnosed with cancer well in advance of receipt of the referenced records. A cancerous mass was removed from her right breast in September 1996, the same mass Defendant Carter diagnosed as fibrocystic disease in March 1996.  Plaintiff has only provided denials to Defendants' motions for summary judgment, but has not offered any additional responsive evidence supporting her theory that the statute of repose began tolling in November 1999.

Therefore, Plaintiff has failed to raise any new issues, concerning either the law or the facts, that move the Court to alter or amend its prior decision.  Accordingly, the Court **ORDERS AND ADJUDGES** the Plaintiff's Motion for Reconsideration (Doc. No. 156) should be, and hereby is, **DENIED**.

**SO ORDERED**, this 26th day of April, 2005.

   /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**